# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TERRY D. WALKER,

        Plaintiff,

v.                                                                                                  Case No. 3:22-cv-121-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## **OPINION AND ORDER**[1]

### I.  Status

Terry D. Walker ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of chronic migraines, depression, anxiety, post-traumatic stress disorder, and cardiac issues. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed April 29, 2022, at 70, 85-86, 220. Plaintiff protectively filed an application for DIB on November 24, 2019, alleging a

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed April 29, 2022; Reference Order (Doc. No. 13), entered May 2, 2022.

disability onset date of February 15, 2016.[2] Tr. at 191-92. The alleged disability onset date was later amended to April 15, 2019, when Plaintiff last worked at substantial levels. See, e.g., Tr. at 217, 252, 258. The application was denied initially, Tr. at 70-83, 84, 102, 103-05, and upon reconsideration, Tr. at 85-100, 101, 107, 108-13.

On April 28, 2021, an Administrative Law Judge ("ALJ") held a hearing,[3] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 35-69 (hearing transcript); see also Tr. at 182-83 (appointment of representative form and fee agreement). On June 25, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order), 185-87 (request for review), 287-92 (brief). On December 9, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On February 4, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by

---

[2] Although actually completed on November 25, 2019, see Tr. at 191, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as November 24, 2019, see, e.g., Tr. at 70, 85.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the COVID-19 pandemic. Tr. at 37-38.

timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues that the ALJ 1) "failed to comply with applicable regulations governing the evaluation" of the opinion of Plaintiff's treating psychologist, Laurlann Sandrik, Psy.D.; and 2) the ALJ "misread the state agency nonexamining psychologists' opinions regarding [Plaintiff's] ability to perform more than one to two step tasks." Plaintiff's Brief (Doc. No. 15; "Pl.'s Br."), filed July 1, 2022, at 1; see id. at 11, 19. On August 30, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") responding to Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr. Sandrik's opinion and related evidence. On remand, an evaluation of this opinion and evidence may impact the Administration's consideration of the nonexamining psychologists' opinions. For this reason, the Court need not address Plaintiff's argument in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per

curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

activity since April 15, 2019, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: migraine; depressive, bipolar and related disorders; and anxiety and obsessive-compulsive disorders." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except with lifting no more than 50 pounds occasionally; lifting/carrying no more than 25 pounds frequently; must avoid even moderate exposure to extreme heat[;] must avoid concentrated exposure to vibration; must avoid even moderate exposure to poorly ventilated areas; and must avoid even moderate exposure to environmental irritants such as fumes, odors, dusts, and gases. [Plaintiff] is limited to occupations with no more than a moderate noise intensity level as that term is defined by the Dictionary of Occupational Titles (DOT). Work is limited to simple, routine and repetitive tasks involving only simple work related decisions and routine workplace changes.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Lawn service worker," a "Small business owner," and a "Landscape supervisor." Tr. at 27-28

(emphasis omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 28-29. After considering Plaintiff's age ("56 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28, such as "Hand packager," "Sandwich maker," and "Counter supply worker." Tr. at 29 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 15, 2019, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322

(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Sandrik, his treating psychologist. Pl.'s Br. at 1, 11-18. In support of this argument, Plaintiff contends the ALJ overlooked evidence that actually corroborates the opinion, including objective testing performed by a neurologist, and otherwise misconstrued the evidence that was discussed. See id. Responding, Defendant acknowledges the ALJ did not specifically refer to objective testing, but argues the ALJ adequately complied with the applicable regulations and contends the ALJ's reasoning is supported by substantial evidence. Def.'s Mem. at 5-11.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding

the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [5] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

---

[5] Plaintiff filed his DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[6]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary,

---

[6] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Dr. Sandrik rendered various opinions on March 19, 2021[7] that, if accepted, would result in a finding that Plaintiff meets a listing at step three and also would result in a more restrictive mental RFC than the ALJ assigned. Compare Tr. at 695-716 (opinions), with Tr. at 19 (assigned RFC). In particular, Dr. Sandrik assigned a number of moderate, marked, and severe limitations in the areas of understanding and memory, concentration and persistence, social interaction, and adaption. Tr. at 698-99.

---

[7] One of the three opinions rendered by Dr. Sandrik is undated, see Tr. at 700-16, but appears to have been submitted during the administrative process with the others that are dated March 19, 2021 and is listed on this Court's Electronic Filing Exhibit List (Doc. No. 11-20 p.1) as having been "dated 3/19/2021."

The ALJ addressed Dr. Sandrik's opinions, although not referring to her by name (instead referring to the exhibit numbers: 20F, 21F, and 22F). Tr. at 27. The ALJ found Dr. Sandrik's opinions were "not persuasive" because "[t]he opined level of marked limitations is not supported by Neurology records noting [Plaintiff] denied significant cognitive difficulties, the assessment of generally mild to moderate mental impairments, and [Plaintiff's] good response to treatment; and particularly with treatment compliance." Tr. at 27 (citations omitted).

The ALJ erred in addressing Dr. Sandrik's opinions. To the extent the ALJ relied on unspecified "Neurology records" to find inconsistencies, the main treating neurologist, Rajul Parikh, M.D., did find Plaintiff had good response to treatment <u>regarding his headaches</u>, but Dr. Parikh's opinion was limited to the headaches. <u>See, e.g.</u>, Tr. at 506, 508, 511. In fact, regarding Plaintiff's overall mental state, Dr. Parikh expressed concern over Plaintiff's reports of "feeling [] foggy in the head, not able to focus on things and not able to do his work as precisely as he used to before" as well as "forgetting simple things at times." Tr. at 511; <u>see</u> Tr. at 661-62.[8] Dr. Parikh, in response to these complaints, "strongly encouraged [Plaintiff] to follow up with a psychiatrist for further medication adjustment." Tr. at 511. Another note indicates Plaintiff reported to Dr. Parikh

---

[8] Some of the relevant medical notes cited appear to be duplicates.

that his mood, although "overall stable," was "recent[ly] worsening because of the stress and recent pandemic issues"; in response, Dr, Parikh advised Plaintiff to "follow-up with his regular providers regarding any additional changes in this regard." Tr. at 642. Still other notes reflect memory problems and cognitive changes with feelings of disorientation, and even reports of intermittent hallucinations. Tr. at 644, 647-48, 652, 653, 727. Although Dr. Parikh summarized Plaintiff's diagnoses as "major depressive disorder, mild-to-moderate and generalized anxiety disorder," for which Plaintiff was being treated by other doctors, Tr. at 652, the record also contains continued references to "Major depressive disorder, recurrent severe without psychotic features" as well as "Anxiety disorder, unspecified" and concerns about dementia. Tr. at 617, 619, 622, 632, 638, 639, 692.

Most importantly, the ALJ did not recognize or discuss objective testing that supports Dr. Sandrik's opinion. Dr. Sandrik administered a "VAMC SLUMS Examination," on which Plaintiff scored a 12. See, e.g., Tr. at 488. This score, according to Dr. Sandrik, is suggestive of "severe cognitive impairment and possibly dementia." Tr. at 488. Dr. Parikh administered "MOCA" tests on July 20, 2020 and January 19, 2021, on which Plaintiff scored 19/30 and 18/30 respectively. Tr. at 728. These scores, although not interpreted by Dr. Parikh

- 12 -

in his notes, are suggestive of cognitive impairment.[9] Combined with MRI findings (that the ALJ did recognize, see Tr. at 24, 25) showing some minor white matter signal abnormalities, see Tr. at 664, the objective tests undermine the ALJ's conclusions that Plaintiff's cognitive difficulties are insignificant and Plaintiff does not suffer from more than mild to moderate mental issues. Remand is required for the ALJ to reevaluate Dr. Sandrik's opinion.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the opinion of Dr. Sandrik, together with the balance of the mental health evidence, consistent with the applicable Regulations;

(B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

---

[9] See Frequently Asked Questions, MoCA Cognitive Assessment https://mocatest.org/faq (last visited October 20, 2022).

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on October 28, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record